IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 6:16-CR-21 (Judge Schneider) |
| CARLOS DEWAYNE DORSEY (01) a/k/a CARLOS DORSE TRAVIS DEWAYNE BROWN (02) a/k/a "69" | § § § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

Violation: 18 U.S.C. § 371
[Conspiracy to Possess and Utter Counterfeited Obligations or Securities]

### Conspiracy

Beginning on a date unknown to the grand jury but no later than on or about November 12, 2015, and continuing thereafter at least until November 20, 2015, in the Eastern District of Texas, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown** did knowingly and willfully conspire, combine, confederate, and agree with each other, and with others unknown to the grand jury, to commit offenses against the United States, that is:

(a) with the intent to defraud, possess and conceal falsely made, forged, counterfeited, and altered obligations or other securities of the United States, that is

**Indictment – Page 1**

Federal Reserve Notes in the denomination of one hundred dollars ($100), which the defendants knew to be falsely made, forged, counterfeited, and altered, in violation of 18 U.S.C. § 472; and

(b)  with the intent to defraud, pass, utter, and publish to and upon retail business establishments falsely made, forged, counterfeited, and altered obligations or other securities of the United States, that is Federal Reserve Notes in the denomination of one hundred dollars ($100), which the defendants knew to be falsely made, forged, counterfeited, and altered, in violation of 18 U.S.C. § 472.

## Manner and Means

It was a part of the conspiracy that defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown** obtained counterfeit Federal Reserve Notes in the denomination of one hundred dollars ($100) from persons unknown to the grand jury.

It was further a part of the conspiracy that on numerous occasions, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown**, aided and abetted by each other, passed and attempted to pass counterfeit Federal Reserve Notes in the denomination of one hundred dollars ($100) at various retail store locations in the Eastern District of Texas to purchase merchandise and receive genuine United States currency as change.

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown** did commit and cause

to be committed at least one of the following overt acts, among others, in the Eastern District of Texas:

1. On or about November 12, 2015, defendant **Travis Dewayne Brown** used counterfeit Federal Reserve Notes in the denomination of one hundred dollars ($100) to purchase a vacuum cleaner at Walmart, 5050 Troup Highway, Tyler, Texas, and received genuine United States currency as change.

2. On or about November 12, 2015, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown** returned the same vacuum cleaner to Walmart, 6801 S. Broadway, Tyler, Texas, and received genuine United States currency as a refund.

3. On or about November 12, 2015, defendant **Travis Dewayne Brown** used a counterfeit Federal Reserve Note in the denomination of one hundred dollars ($100) to purchase merchandise at Walgreens, 1775 W. Loop 281, Longview, Texas, and received genuine United States currency as change. Defendant **Carlos Dewayne Dorsey** served as a lookout for defendant **Travis Dewayne Brown**.

4. On or about November 13, 2015, defendant **Travis Dewayne Brown** used counterfeit Federal Reserve Notes in the denomination of one hundred dollars ($100) to purchase merchandise at Dollar General, 2421 Gilmer Road, Longview, Texas, and received genuine United States currency as change. Defendant **Carlos Dewayne Dorsey** served as a lookout for defendant **Travis Dewayne Brown**.

5. On or about November 13, 2015, defendant **Travis Dewayne Brown** attempted to use counterfeit Federal Reserve Notes in the denomination of one hundred dollars ($100) to purchase merchandise at Walmart, 2440 Gilmer Road, Longview, Texas. Defendant **Carlos Dewayne Dorsey** served as a lookout for defendant **Travis Dewayne Brown**.

6. On or about November 20, 2015, defendant **Travis Dewayne Brown** used a counterfeit Federal Reserve Note in the denomination of one hundred dollars ($100) to purchase merchandise at Walgreens, 701 U.S. Highway 259, Kilgore, Texas, and received genuine United States currency as change.

All in violation of 18 U.S.C. § 371.

## COUNT 2

Violation: 18 U.S.C. § 472<br>
[Uttering Counterfeited Obligations of<br>
the United States]

On or about November 12, 2015, in Smith County, in the Eastern District of Texas, defendant **Travis Dewayne Brown** with intent to defraud, did pass, utter, and publish to an employee of Walmart located at 5050 Troup Highway, Tyler, Texas, falsely made, forged, altered, and counterfeited obligations of the United States; that is, Federal Reserve Notes in the denomination of one hundred dollars ($100), which he then knew to be falsely made, forged, altered, and counterfeited.

All in violation of 18 U.S.C. § 472.

## COUNT 3

<u>Violation</u>: 18 U.S.C. §§ 472 and 2
[Uttering Counterfeited Obligations of
the United States and Aiding and Abetting]

On or about November 12, 2015, in Gregg County, in the Eastern District of Texas, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown**, aided and abetted by each other, with intent to defraud, did pass, utter, and publish to an employee of Walgreens located at 1775 W. Loop 281, Longview, Texas, falsely made, forged, altered, and counterfeited obligations of the United States; that is, a Federal Reserve Note in the denomination of one hundred dollars ($100), which they then knew to be falsely made, forged, altered, and counterfeited.

All in violation of 18 U.S.C. §§ 472 and 2.

## COUNT 4

<u>Violation</u>: 18 U.S.C. §§ 472 and 2
[Uttering Counterfeited Obligations of
the United States and Aiding and Abetting]

On or about November 13, 2015, in Gregg County, in the Eastern District of Texas, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown**, aided and abetted by each other, with intent to defraud, did pass, utter, and publish to an employee of Dollar General located at 2421 Gilmer Road, Longview, Texas, falsely made, forged, altered, and counterfeited obligations of the United States; that is, Federal Reserve Notes in the denomination of one hundred dollars ($100), which they then knew to be falsely made, forged, altered, and counterfeited.

All in violation of 18 U.S.C. §§ 472 and 2.

## COUNT 5

<u>Violation</u>: 18 U.S.C. §§ 472 and 2
[Uttering Counterfeited Obligations of
the United States and Aiding and Abetting]

On or about November 13, 2015, in Gregg County, in the Eastern District of Texas, defendants **Carlos Dewayne Dorsey** and **Travis Dewayne Brown**, aided and abetted by each other, with intent to defraud, did attempt to pass, utter, and publish to an employee of Walmart located at 2440 Gilmer Road, Longview, Texas, falsely made, forged, altered, and counterfeited obligations of the United States; that is, Federal Reserve Notes in the denomination of one hundred dollars ($100), which they then knew to be falsely made, forged, altered, and counterfeited.

All in violation of 18 U.S.C. §§ 472 and 2.

## COUNT 6

Violation: 18 U.S.C. § 472
[Uttering Counterfeited Obligations
of the United States]

On or about November 20, 2015, in Rusk County, in the Eastern District of Texas, defendant **Travis Dewayne Brown** with intent to defraud, did pass, utter, and publish to an employee of Walgreens located at 701 U.S. Highway 259, Kilgore, Texas, falsely made, forged, altered, and counterfeited obligations of the United States; that is, Federal Reserve Notes in the denomination of one hundred dollars ($100), which he then knew to be falsely made, forged, altered, and counterfeited.

All in violation of 18 U.S.C. § 472.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. §§ 492, 982(a)(2) and 28 U.S.C. § 2461

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States any counterfeiting paraphernalia pursuant to 18 U.S.C. § 492.

Further, pursuant to 18 U.S.C. § 982(a)(2) and 28 U.S.C. § 2461, the defendant shall forfeit to the United States all property, real or personal, involved in or traceable to property involved in the offense, including proceeds obtained directly or indirectly from the offense.

If any property subject to forfeiture, as a result of any act or omission by the defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third party;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

A TRUE BILL

_____3/16/16_____                    _____[signature]_____
Date:                                     GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____[signature]_____
L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax
frank.coan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | No. 6:16-CR-____ (Judge Schneider) |
| CARLOS DEWAYNE DORSEY (01) § a/k/a CARLOS DORSE § TRAVIS DEWAYNE BROWN (02) § a/k/a "69" § | |

## NOTICE OF PENALTY

### COUNT 1

VIOLATION: 18 U.S.C. § 371

Imprisonment for not more than 5 years; a fine of not more than $250,000; a term of supervised release of not more than 3 years.

SPECIAL ASSESSMENT: $100.00

### COUNTS 2-6

VIOLATION: 18 U.S.C. § 472

Imprisonment for not more than 20 years; a fine of not more than $250,000; a term of supervised release of not more than 3 years.

SPECIAL ASSESSMENT: $100.00

Indictment – Page 12